[Cite as *State v. Watson*, 2014-Ohio-2191.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
## No.   100673

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RICKY WATSON

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575648

**BEFORE:**   E.A. Gallagher, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 22, 2014

**ATTORNEY FOR APPELLANT**

Christina Joliat
P.O. Box 391531
Solon, Ohio   44139


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Justin P. Rudin
Assistant County Prosecutor
1200 Ontario Street
9th Floor, Justice Center
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant Ricky Watson appeals his sentence that was rendered in the Cuyahoga County Court of Common Pleas. Watson argues the trial court abused its discretion at sentencing. Finding no merit to the instant appeal, we affirm.

{¶3} On October 21, 2013, Watson pleaded guilty to one count of failure to provide notice of change of address in violation of R.C. 2950.05(F)(1), a felony of the third degree.

{¶4} The trial court sentenced Watson to a prison term of 24 months. Watson appeals asserting the following sole assignment of error:

> The trial court abused its discretion in the imposition of sentence upon appellant.

{¶5} Watson argues that the trial court abused its discretion in imposing a sentence that he views to be harsher than necessary in order to protect the public from the threat he poses or to appropriately punish him. However, this court no longer applies the abuse of discretion standard of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing a felony sentence. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Instead, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶6} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *Kalish* at ¶ 18.

{¶7} This court has previously explained that, "[t]he decision as [to] how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion." *State v. Akins*, 8th Dist. Cuyahoga No. 99478, 2013-Ohio-5023, ¶ 16. Trial courts have full discretion to impose a prison sentence within the statutory range. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Apart from any claim that the sentencing judge failed to fulfill a statutorily-mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable. *Akins* at ¶ 16.

{¶8} In this case, Watson's sentence falls within the statutory range for a

third-degree felony. Furthermore, the record reflects that the trial court considered all required factors of law including the principles and purposes of sentencing under R.C. 2929.11, as well as the seriousness and recidivism factors under R.C. 2929.12. Watson's sentence is not contrary to law and his sole assignment of error is overruled.

{¶9} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR