[Cite as *State v. Williams*, 2014-Ohio-3415.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 100459

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## LASHAWN WILLIAMS

### DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-11-555711

**BEFORE:** Rocco, P.J., Keough, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEY FOR APPELLANT**

Christopher J. Jankowski
John Brooks Cameron & Associates
247 East Smith Rod
Medina, Ohio 44256

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Kyker
Assistant Prosecuting Attorney
Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant Lashawn Williams appeals from his conviction and sentences for pandering sexual material involving a minor and for possession of criminal tools. Williams argues that his sentences are contrary to law and that his guilty plea was not made knowingly, voluntarily, and intelligently due to ineffective assistance of counsel. Finding no merit to any of these arguments, we affirm the trial court's final judgment.

{¶2} On November 3, 2011, Williams was indicted on twenty counts of pandering sexually oriented material involving a minor, three counts of illegal use of a minor in nudity-oriented material or performance, and one count of possessing criminal tools. All of the counts included forfeiture specifications. The charges stemmed from allegations that Williams had downloaded and shared computer files containing child pornography.

{¶3} In a hearing held on July 15, 2013, Williams retracted his former plea of not guilty and entered a plea of guilty to five counts of pandering sexually oriented material involving a minor (second-degree felonies) with forfeiture specifications (R.C. 2907.322(A)(1), (2); R.C. 2941.1417); and to one count of possessing criminal tools (fifth-degree felony) with a forfeiture specification (R.C. 2923.24; R.C. 2941.1417). The remaining counts were nolled.

{¶4} The trial court accepted Williams's plea. In preparation for sentencing, Williams was referred for a court psychiatric examination and sentencing memoranda were filed. On August 30, 2013, Williams appeared for sentencing. The trial court imposed a prison sentence of seven years on each count of pandering sexually oriented materials, and twelve months for possession of criminal tools. All sentences were ordered to run concurrently. Williams was found to be a Tier II sex offender and he was ordered to forfeit his scandisk and his computer. The trial court also ordered postrelease control for five years.

{¶5} Williams now appeals, setting forth three assignments of error for our review:

> I. Williams's sentence for pandering sexually oriented matter involving a minor and for possessing criminal tools does not comply with the underlying purposes of sentencing, is contrary to law, and is unsupported by the record.
>
> II. Williams did not knowingly, voluntarily, and intelligently enter a guilty plea because trial counsel could not properly advise Williams as she failed to personally review sensitive evidence and she admitted she did not understand computers.
>
> III. Williams did not knowingly, voluntarily, and intelligently enter a guilty plea because Williams was denied effective assistance of counsel.

{¶6} Williams's first assignment of error asserts that the trial court's sentences were contrary to law and were unsupported by the record. We review

Williams's sentence under the standard set forth in R.C. 2953.08(G)(2), which provides in pertinent part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶7} A sentence is not contrary to law where the trial court (1) considered the purposes and principles of sentencing under R.C. 2929.11; (2) considered the seriousness and recidivism factors set forth in R.C. 2929.12; (3) properly applied postrelease control; and (4) sentenced the defendant within the permissible statutory range. *State v. Watson*, 8th Dist. Cuyahoga No. 100673, 2014-Ohio-2191, ¶ 6. As this court has repeatedly explained, "'[t]he decision as [to] how long a sentence should be — assuming it falls within a defined statutory range — is a pure exercise of discretion.'" *Id.* at ¶ 7, quoting *State v. Akins*, 8th Dist. Cuyahoga No. 99478,

2013-Ohio-5023, ¶ 16.   Unless a defendant claims that the trial court "failed to fulfill a statutorily-mandated obligation before imposing sentence, a sentence falling within the statutory range is unreviewable."   *Id.*, citing *Akins* at ¶ 16.

**{¶8}** Williams argues that his sentence is harsher than necessary given the number of files he downloaded and the time frame in which he downloaded the files.   In support of this argument, he points to the mitigating evidence that he presented in the trial court.   While Williams argues that the trial court was overly focused on the severity of his crimes, he does not assert that the trial court failed to consider his mitigating evidence.   And the record confirms that the trial court did, in fact, consider Williams's mitigating evidence.

**{¶9}** We conclude that Williams' sentence is not contrary to law and that the sentence is supported by the record.   Williams's concurrent sentences are all within the statutory range.   *See* R.C. 2929.14.   The trial court indicated that it had considered the principles and purposes of sentencing as set forth in R.C. 2929.11, as well as the seriousness and recidivism factors as set forth in R.C. 2929.12.   There is no indication that the trial court erred in its application of postrelease control. For these reasons, we overrule the first assignment of error.

**{¶10}** We consider Williams's second and third assignments of error together as both involve the same analysis.   Williams argues that, due to his defense

counsel's deficient performance, his guilty plea was not made knowingly, voluntarily, and intelligently. We disagree.

{¶11} A defendant who pleads guilty waives all appealable issues, including the right to assert an ineffective assistance of counsel claim, except the defendant may claim ineffective assistance of counsel on the basis that the counsel's deficient performance caused the plea to be less than knowing, intelligent, and voluntary. *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In such cases, a defendant can prevail only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶12} Williams cannot demonstrate that his counsel was deficient. According to Williams, his counsel was deficient because she did not know enough about computers and because she did not personally look at the sexual images contained in the files found on Williams's computer. First, "the fact that defense counsel may not have been an expert in computers and/or peer-to-peer file-sharing programs does not necessarily mean [s]he rendered ineffective assistance of counsel." *State v. Cola*, 8th Dist. Cuyahoga No. 99336, 2013-Ohio-3252, ¶ 13

(rejecting similar argument). In this case, Williams's counsel retained the services of a computer forensic examiner who conducted an independent examination of Williams's computer and assisted defense counsel in understanding the resulting data. On this record, we fail to see how defense counsel performed deficiently.

{¶13} Second, we conclude that defense counsel did not render deficient performance on the basis that she did not personally view the images found on Williams's computer. Again, we rely on the fact that counsel obtained the services of a computer forensic examiner who viewed the files on behalf of defense counsel. Importantly, Williams fails to establish why it was imperative for defense counsel to personally view the files. Williams does not assert that there was any question as to whether the individuals portrayed in the pornographic images were minors who were engaged in sexual acts with adult men.

{¶14} Because Williams cannot demonstrate that his counsel's performance was deficient, he cannot prevail on his claim that his guilty plea was not made knowingly, voluntarily, and intelligently. Accordingly, we overrule the second and third assignments of error.

{¶15} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
MARY EILEEN KILBANE, J., CONCUR