[Cite as *State v. Hall*, 2019-Ohio-341.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 106943

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MILTON HALL**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-617366-A

**BEFORE:** E.A. Gallagher, J., Laster Mays, P.J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** January 31, 2019

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
BY: Noelle A. Powell
Assistant Public Defender
310 Lakeside Ave., Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Jennifer A. Driscoll
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN A. GALLAGHER, J.:

{¶1}   Defendant-appellant Milton Hall was charged in a 155-count indictment with 53 counts of rape, 6 counts of attempted rape, 28 counts of kidnapping, 18 counts of gross sexual imposition, 22 counts of endangering children, 7 counts of domestic violence, 20 counts of sexual battery and 1 count of importuning.   One count of rape pertained to his biological daughter and occurred when she was approximately 14 years old.   The remaining 154 counts pertained to his adopted daughter beginning when she was approximately ten years old and continuing for several years.   Hall pleaded guilty to 8 counts of rape, 5 counts of sexual battery, 2 counts of endangering children, 1 count of domestic violence and 1 count of importuning. The remaining counts were nolled.   The court imposed an aggregate sentence of 40 years in prison, which included some consecutive terms.   On appeal, Hall raises two assignments of

error, claiming he was denied the effective assistance of counsel and arguing that his sentence violates the Eighth Amendment and R.C. 2929.11. We disagree.

{¶2} Prior to pleading guilty, Hall's counsel informed the court that Hall would be entering his pleas knowingly, voluntarily and intelligently. After the colloquy the court confirmed this, entered a finding and accepted Hall's pleas. The court sentenced Hall to ten years for each of the rape counts and ran four of those terms consecutively for a total of 40 years. The court imposed concurrent sentences for the remaining counts.

{¶3} In Hall's first assignment of error, he argues that he was denied the effective assistance of counsel because his trial counsel did not file a motion for a bill of particulars or a motion to dismiss particular counts in the indictment.[1] Hall complains that while most of the counts included a specific date as to the crimes, 66 of the counts only included an approximate date. He argues the lack of specificity denied notice of the charges against him. We note that 65 of these counts were nolled. The one count that was not alleged the crime occurred within an approximate six-month time period.

{¶4} Hall suggests that had trial counsel filed a motion for a bill of particulars, and had the court granted the motion, he would have known more about the charges and may have decided to go to trial. Similarly, he suggests that had counsel filed a motion to dismiss the counts alleging nonspecific dates, and had the court granted it, his criminal exposure would have been less which may have caused the state to offer him a more favorable plea bargain.

{¶5} To establish ineffective assistance of counsel in a case where a defendant has pleaded guilty, the defendant is required to make a dual showing. First, the defendant must

---

[1] Although the state concedes in its brief that a bill of particulars was not provided, our review reflects otherwise. As part of the state's response to Hall's request for discovery, it attached a bill of particulars that included a certificate of service signed by the prosecutor and providing that "[a] copy of the foregoing Bill of Particulars has been filed and served electronically * * * upon * * * Attorney for Defendant, at: DEFENSE.CCPOPORTAL.US."

establish that counsel's performance was deficient, falling below an objective standard of reasonable representation that caused his or her guilty plea to be less than knowing, voluntary and intelligent. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). Second, the defendant must establish that there is a reasonable probability that but for counsel's deficient performance, he or should would not have plead guilty, and instead would have gone to trial. *Id.,* citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992). "A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶6} Here, Hall does not dispute the validity of his guilty plea; he makes no claim that his plea was not knowing, voluntary and intelligent. As such, Hall has waived his right to claim ineffective assistance of counsel. *See State v. Ramos*, 8th Dist. Cuyahoga No. 104550, 2017-Ohio-934, ¶ 2 (rejecting ineffective assistance of counsel claim where defendant did not contest validity of plea). Nevertheless, even assuming that he did not waive this right, his arguments are meritless. *See State v. Williams*, 8th Dist. Cuyahoga No. 106570, 2018-Ohio-5022 ¶ 28 (defendant cannot demonstrate he was prejudiced by counsel failing to demand bill of particulars where the state filed bill of particulars as part of initial discovery responses); *see State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 14 (guilty plea waives right to challenge indictment as defective); *see also State v. Bogan*, 8th Dist. Cuyahoga No. 84468, 2005-Ohio-3412, ¶ 10 (specificity as to time and date of an offense is not required in an indictment). We overrule Hall's first assignment of error.

{¶7} In his second assignment of error, Hall argues that his aggregate 40-year prison sentence violates the Eighth Amendment prohibition against cruel and unusual punishment as well as R.C. 2929.11. He complains that in light of his age, 40 years in prison represents a de facto life sentence. Hall does not cite any authority in support of his argument. Moreover, he does not challenge the validity of any statute or any individual sentence. Instead, he asserts that neither of his victims died as the result of his crimes and that he should similarly not be sentenced to die in prison.

{¶8} Trial courts have discretion to impose a prison sentence within the statutory range of the offense. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 21. In general, "a sentence that falls within terms of a valid statute cannot amount to cruel and unusual punishment." *Id.* quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 69, 203 N.E.2d 334 (1964). Moreover, individual sentences are considered for purposes of Eighth Amendment analysis, not the aggregate term of imprisonment. *Id.* at ¶ 22. "Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Id.* at ¶ 20.

{¶9} Here, each of Hall's rape convictions were violations of R.C. 2907.02(A)(2). All were first-degree felonies, which in Ohio are punishable by prison terms between 3 and 11 years. *See* R.C. 2929.14(A)(1). Hall's 10-year sentences are within that range. Accordingly, his 40-year sentence does not violate the Eighth Amendment.

{¶10} Moreover, the court's journal entry confirms that it "considered all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." The court's

statement that it considered the requisite statutory factors, alone, satisfy its obligation under the statute. *See State v. Binford*, 8th Dist. Cuyahoga No. 105414, 2018-Ohio-90, ¶ 39.

{¶11} The record reflects that the court spent a considerable amount of time discussing and applying the purposes and principles of felony sentencing. For example, it extensively discussed the victims' mental and physical injuries and the harm Hill caused them. The court discussed the lack of mitigating circumstances and Hill's lack of remorse and summarized the case as follows:

> Two victims, beaten unless they— unless they would submit to being raped by their father. Constant physical abuse * * * threatening the victim with physical harm if she did not comply with his orders.

> That only takes into consideration the actual events. We'll never know how great the harm is in this matter to those two young women, what you did to them and how they will have to suffer with that for the rest of their lives. It is disgusting beyond belief.

{¶12} We overrule Hall's second assignment of error.

{¶13} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR