[Cite as *State v. Hearns*, 2023-Ohio-653.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 22 CAC 06 0051 |
| NICOLE HEARNS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS:       Appeal from the Delaware Municipal
                                Court, Case No. 21TRC03400


JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         March 3, 2023


APPEARANCES:


For Plaintiff-Appellee          For Defendant-Appellant

AMELIA BEAN-DeFLUMER            TODD A. WORKMAN
City Prosecutor                 35 North Sandusky Street
                                Delaware, Ohio 43015
TYLER A. SANDERS
Assistant City Prosecutor
70 North Union Street
Delaware, Ohio 43015

*Hoffman, J.*

**{¶1}** Defendant-appellant Nicole Hearns[1] appeals the judgment entered by the Delaware Municipal Court convicting him following his pleas of guilty to operating a motor vehicle while intoxicated (R.C. 4511.19(A)(1)(a)) and driving under suspension (R.C. 4510.14), and sentencing him to an aggregate term of 60 days in jail. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On April 8, 2021, the Genoa County Police Department in Delaware County, Ohio, received calls from witnesses stating a vehicle had crossed over the center line multiple times, almost hitting oncoming traffic. Officers located the vehicle in question, which was driven by Appellant. They noted Appellant had glassy, bloodshot eyes, and they could smell the odor of alcohol. Appellant's speech was slurred. When asked if he had been drinking, Appellant responded he had a beer, but needed to go to work.

**{¶3}** When checking Appellant's driver's license, officers discovered he was under an ALS suspension. Police conducted field sobriety tests. Appellant exhibited six out of six clues of intoxication on the horizontal gaze nystagmus test, six clues on the walk and turn test, and two clues on the one-legged stand. The result of Appellant's breath test was .202 weight of alcohol per 210 liters of his breath.

**{¶4}** Appellant was charged with operating a motor vehicle while intoxicated, driving with a prohibited breath alcohol content, and driving under suspension.

---

[1] On June 2, 2022, the trial court granted the State's motion to amend Appellant's name on the complaint to Robert Larry Hearns. However, the notice of appeal and other documents filed in this Court state Appellant's name as Nicole Hearns. While we will maintain the caption on the case as submitted to this Court, we will refer to Appellant using the pronouns he/him, as the parties did in their briefs.

**{¶5}**     The case was originally set for a change of plea hearing on June 15, 2021. Appellant failed to appear, and a bench warrant was issued.  Appellant was arrested on the warrant on June 2, 2022.

**{¶6}**     Appellant appeared for a change of plea hearing on June 3, 2022.  Appellant was represented by the public defender's office throughout the proceedings; however, the attorney who appeared on his behalf at the change of plea hearing in 2022 was not the same attorney who had previously represented him in 2021.

**{¶7}**     At the start of the hearing, counsel for Appellant discussed the plea offer with the prosecutor.  The prosecutor stated the offer was for Appellant to plead guilty to the operating a motor vehicle while intoxicated charge and the driving under suspension charge.  The prosecutor further noted several prior offenses, including a prior out-of-state operating a vehicle while intoxicated conviction.  At this point, counsel asked for his microphone to be muted so he could talk to Appellant and let him know what he was facing if he entered a guilty plea.

**{¶8}**     After discussing the matter with Appellant, counsel represented to the trial court Appellant would like to take the deal.  The trial court informed Appellant because of the prior out-of-state conviction, the trial court would sentence Appellant according to the penalties applicable to a second offense.  Appellant asked what that meant.  The trial court explained the sentencing implications of a second offense, and offered counsel more time to research the out-of-state conviction.  Counsel asked for a moment to "let him [Appellant] know real quickly" what the out-of-state conviction meant. Tr. 9.  Counsel then indicated Appellant wanted to proceed with the plea.

**{¶9}** The trial court explained the penalties for a second offense, and Appellant indicated he understood. Appellant indicated he wanted to enter a guilty plea, with an understanding of the potential penalties. Appellant entered pleas of guilty to operating a vehicle while intoxicated and driving under suspension, and was convicted upon his pleas. The State dismissed the charge of operating a vehicle with a prohibited breath alcohol content. The trial court sentenced Appellant to 180 days in jail for operating a vehicle while intoxicated, with 135 days suspended. The trial court sentenced Appellant to 180 days in jail for driving under suspension with 165 days suspended, to be served consecutively, for an aggregate jail term of 60 days.

**{¶10}** It is from the June 3, 2022 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

THE DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL GUARNATEED UNDER SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY COUNSEL'S FAILURE TO ADEQUATELY KEEP DEFENDANT APPRISED OF HIS CASE, AND FAILURE TO ADEQUATELY PREPARE.

**{¶11}** Appellant argues his trial counsel was ineffective by failing to inform him of plea offers made by the State and failing to research his criminal background prior to the start of the plea hearing, and counsel was not aware of the sentencing possibilities at the hearing.

{¶12}  A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).  In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  *Id.*

{¶13}  A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, *citing State v. Spates,* 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992). Where a defendant has entered a guilty plea, he can prevail on an ineffective assistance of counsel claim only by demonstrating there is a reasonable probability that but for counsel's deficient performance, he would not have pled guilty to the offenses and would have insisted on going to trial. *Williams, supra* at ¶ 11, *citing State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶14}  Appellant has not demonstrated but for the alleged deficient performance of counsel, he would not have entered a guilty plea and would have insisted on going to trial.  The record demonstrates upon Appellant's arrest on the warrant nearly a year after the originally-schedule plea hearing, new counsel from the public defender's office

represented Appellant. The new plea hearing was scheduled one day after Appellant was arrested on the warrant. While counsel may not have been fully prepared when he arrived at the hearing, it is apparent from the record Appellant's counsel, the prosecutor, and the trial court worked together to ensure the plea was knowing, voluntary, and intelligent. Counsel for Appellant ascertained the terms of the plea offer from the State at the outset of the hearing, and asked for time off the record to confer with Appellant.

{¶15} The trial court explained to Appellant the implications of his prior out-of-state conviction and offered counsel additional time to research the issue. After a second off-the-record discussion with Appellant, counsel indicated Appellant wanted to proceed with the plea. The trial court clearly explained the potential penalties which flowed from the instant offense being treated as a second offense because of the out-of-state prior conviction. Appellant indicated he understood the penalties, and indicated he wanted to enter a plea of guilty. As noted by trial counsel, Appellant intended to "fall on his sword." Tr. 14.

{¶16} Based on the record before this Court, we find Appellant has not demonstrated a reasonable probability he would not have entered a plea of guilty and would have insisted on going to trial in the absence of his alleged deficient performance by counsel. We find the record demonstrates although counsel was a last-minute substitute for Appellant's prior attorney, Appellant's plea was knowingly, voluntarily, and intelligently entered, with full knowledge of the sentencing implications of the prior conviction.

{¶17} The assignment of error is overruled.  The judgment of the Delaware Municipal Court is affirmed.



By: Hoffman, J.

Gwin, P.J.  and

Baldwin, J. concur