[Cite as *State v. Bell*, 2024-Ohio-1502.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                      :

    Plaintiff-Appellee,         : CASE NO. 22CA1160

v.                                  :

CHERITH BELL aka GAPI,             : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.        :

_____

APPEARANCES:

Christopher Pagan, Middletown, Ohio, for appellant[1].

Aaron E. Haslam, Adams County Prosecuting Attorney, West Union, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-12-24
ABELE, J.

{¶1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Cherith Bell, aka Gapi, defendant below and appellant herein, entered a guilty plea to pandering sexually oriented matter involving a minor.

{¶2} Appellant assigns three errors for review:

---

[1] Different counsel represented appellant during the trial court proceedings.

FIRST ASSIGNMENT OF ERROR:

"BELL'S CONVICTION WAS UNCONSTITUTIONAL BECAUSE
SHE RECEIVED INEFFECTIVE ASSISTANCE [IAC] AT
THE PLEA PROCEEDING."

SECOND ASSIGNMENT OF ERROR:

"BELL'S CONVICTION WAS UNCONSTITUTIONAL UNDER
DUE PROCESS BECAUSE HER PLEA WAS NOT KNOWING,
INTELLIGENT, OR VOLUNTARY."

THIRD ASSIGNMENT OF ERROR:

"BELL'S PRISON SANCTION WAS CONTRARY TO LAW."

**{¶3}** Appellant and her late husband, Mizael Gapi, engaged in and recorded sexual activity with a 14-year-old victim and published the video to the victim. After her husband entered a guilty plea to pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), the trial court sentenced him to serve an indefinite stated term of 8 to 12 years in prison. During his incarceration, Gapi took his own life.

**{¶4}** An Adams County Grand Jury also returned an indictment that charged appellant with (1) one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a second-degree felony, and (2) one count of disseminating matter harmful to juveniles with the finding that the material or performance involved is obscene in violation of R.C. 2907.31(A)(1), a fifth-degree felony. Appellant entered not guilty pleas.

{¶5} Subsequently, appellant asked to set the matter for a plea hearing. At the hearing appellant acknowledged that she and her late husband engaged in sexual activity with a 14-year-old female. Appellant stated that she "thought she was 16, almost 17." In addition, appellant stated that she intentionally recorded and published the sex videos to the victim. The trial court reviewed the plea agreement, item by item, and explained the consequences of a guilty plea, the maximum sentence, post-release control consequences, sex offender registration requirements, financial sanctions, and all rights appellant would waive. Appellant then entered a guilty plea to pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a second-degree felony. The state dismissed count two of the indictment.

{¶6} At the sentencing hearing, the trial court also acknowledged that it reviewed the pre-sentence investigation report, the victim impact statements, and a summary of the pre-sentence investigation report. The victim's mother spoke about the severe impact on her daughter and family's lives, along with appellant and her father. The court observed that appellant "had oral, vaginal * * * sex * * * with the victim and the victim performed * * * oral vaginal sex on * * * appellant," and appellant and her late husband "took video recordings of the encounters."

{¶7} The trial court stated that, although appellant had shown "some genuine remorse" and stated that she "had no intention of

doing what [she] did," the court noted "the inherent problem with that statement is that there was a lot of calculations, curfews, house arrest contacts in order to effectuate this encounter." The court acknowledged that this case is a case that "keeps Judges up" to balance the victims' statements and the appellant's family's statements. Nevertheless, the court concluded, "there are times when people do things so outlandish, so misguided, malicious, undeserving, and that's our world now somehow justified the things that people attempt to do, in this case, you effectuated it." The court further noted that the victim could not be restored, nor could the court assist the desires of the appellant's father, who "is a good man and loves his daughter." However, the court pointed out, "there must be punishment and in, in this court's opinion it must be harsh for the act some people when they do things beyond the pale of comprehension."

{¶8} The trial court then sentenced appellant to (1) serve an indefinite stated term of 7 to 10 ½ years in prison, (2) serve a mandatory post-release control term of up to five years, (3) register as a tier two sex offender for 25 years, and (4) pay $300 restitution and costs. This appeal followed.

I.

{¶9} In her first assignment of error, appellant asserts that trial counsel rendered ineffective assistance of counsel. In

particular, appellant contends that because the victim and appellant's late husband lied to appellant about the victim's age, appellant believed the victim "was a lawful sexual partner," and, thus, she lacked the mens rea required for pandering sexually-oriented matter involving a minor.  Therefore, appellant argues, her trial counsel did not perform reasonably based on her misunderstanding of the mens rea element of pandering sexually oriented matter involving a minor.

{¶10} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid."  *State v. Medina*, 8th Dist. Cuyahoga No. 109693, 2021-Ohio-1727, ¶ 6, citing *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. *See State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996), citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927) ("When a defendant enters a plea in a criminal case, the plea must be knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United State Constitution and the Ohio Constitution."); *State v. Robinson*, 8th Dist. Cuyahoga No. 110467, 2022-Ohio-1311, ¶ 20.

{¶11} The standard of review for ineffective assistance of counsel claims is de novo.  *State v. Weaver*, 171 Ohio St.3d 429,

2022-Ohio-4371, 218 N.E.3d 806 ¶ 25, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77.  However, a guilty plea generally waives a defendant's right to claim that counsel's ineffectiveness prejudiced the defendant, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary.  *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11-12, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

{¶12} To establish trial counsel's ineffectiveness, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *State v. Bunch*, 171 Ohio St.3d 775, 2022-Ohio-4723, 220 N.E.3d 773, ¶ 26, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674.  This requires showing that counsel made errors so serious that counsel failed to function as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  *Id.* Thus, the question is whether counsel was deficient in her representation of appellant.

{¶13} In the context of a defendant who entered a guilty plea, the defendant can prevail under this standard only by demonstrating (1) deficient performance by counsel, i.e., performance falling

below an objective standard of reasonable representation, that caused the defendant's guilty plea to be less than knowing, intelligent and voluntary, and (2) a reasonable probability that, but for counsel's deficient performance, the defendant would not have pled guilty to the offenses at issue and would have insisted on going to trial. *State v. Khoshknabi*, 8th Dist. Cuyahoga No. 106117, 2018-Ohio-1752, ¶ 29. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 694.

**{¶14}** As a general matter, defense counsel's tactical decisions and trial strategies — even "debatable" ones — do not constitute ineffective assistance of counsel. *See, e.g., State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.); *see also State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 101, 111. Therefore, reviewing courts "will ordinarily refrain from second-guessing strategic decisions counsel make at trial," even where trial counsel's strategy was "questionable" and even where appellate counsel argues that they would have defended against the charges differently. *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 152; *State v. Mason*, 82 Ohio St.3d 144, 169, 694 N.E.2d 932 (1998); *State v. Murphy,* 4th Dist. Ross No. 07CA2953, 2008-Ohio-1744, ¶ 42.

**{¶15}** In the case sub judice, appellant argues that her trial counsel's failure to understand the mens rea requirements of R.C. 2907.322(A)(1) (pandering sexually oriented matter involving a minor) and corresponding failure to advise her to plead guilty instead to R.C. 2907.31(A)(1) (disseminating matter harmful to juveniles) rendered her plea involuntary because it forced her to accept a plea she would not otherwise have accepted when she should have instead entered a guilty plea to disseminating matter harmful to juveniles in violation of R.C. 2907.31. Appellant thus contends that trial counsel did not fully understand R.C. 2907.322(A)'s mens rea. Specifically, appellant argues that counsel did not comprehend the difference between character and content.

R.C. 2907.322(A)(1) provides:

(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

(1) Create, record, photograph, film, develop, reproduce, or publish any material that shows a minor or impaired person participating or engaging in sexual activity, masturbation, or bestiality;

Thus, R.C. 2907.322(A)(1) requires that an offender have "knowledge of the character of the material or performance involved." R.C. 2901.22(B) defines "knowledge," and states, in relevant part, that

[a] person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high

probability of its existence and fails to make inquiry or
acts with a conscious purpose to avoid learning the fact.

Therefore, "to have knowledge, a person need only believe that certain circumstances probably exist, not that they exist with 100% certainty." *State v. Duhamel,* 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145, ¶ 36. *See also State v. Sotelo,* 6th Dist. Lucas No. L-19-1240, 2020-Ohio-5368, (defendant acknowledged seeing a thumbnail of a video of a child and forensic examination revealed defendant deleted child pornography videos she sent to her boyfriend, permitting jury to draw reasonable inference defendant knew of the illicit nature of videos.); *State v. Burgun*, 56 Ohio St.2d 354, 364, 384 N.E.2d 255 (1978)(precise knowledge of contents of obscene material not prerequisite to satisfy requirement of scienter to sustain obscenity conviction and knowledge of character or nature of obscene material is a constitutionally adequate indicium of scienter to sustain a conviction.); *State v. Jenkins,* 1st Dist. Hamilton No. C-040111, B-0105517-A, 2004-Ohio-7131, (sufficient evidence of pandering obscenity when defendant knew of character of the material in a videotape; state need not prove defendant knew beforehand that materials would be judicially determined obscene).

{¶16} In *State v. Kraft,* 1st Dist. Hamilton No. C-060238, 2007-Ohio-2247, the First District concluded that to establish an R.C. 2907.322(A)(1) violation, the state must "prove that Kraft knew the character of the material: that it involved a real minor engaging

or participating in sexual activity.  The state does not need to show that the defendant had precise knowledge of the contents of the material," *Id.* at ¶ 87, citing *Burgun, supra,* 56 Ohio St.2d at 364.  The court further observed, "A person has knowledge of circumstances when he is aware that such circumstances probably exist," citing R.C. 2901.22(B), and the state may rely solely on circumstantial evidence to prove that the defendant knew the character of the material.  *Id.*

{¶17} In the case sub judice, R.C. 2907.322(A)(1) required the state to prove that appellant knew the character of the material she published to the victim.  At her plea hearing, the trial court asked appellant "how old was the girl?" Appellant replied, "She was 14 at the time."  The court asked, "So, you, you knew at the time she was a minor, less than 18 years of age?"  Appellant replied, "I thought she was 16, almost 17."  The court asked, "But you knew she was less than 18 years of age?"  Appellant replied, "Yes."  The court then asked, "And did you create, record, photograph, film, develop, reproduce, or publish material?"  Appellant replied, "Yes, * * * record."  Finally, the court asked, "And did you publish that to anybody?  Did you send it to anybody?"  Appellant responded, "Um, I sent it to the girl."  When asked, "And that what you sent and recorded, did it show the minor you're referring to the girl participating or engaging in sexual activity?," appellant replied, "Yes."  The court then asked, "and what was the sexual activity?"

Appellant, replied, "it involved me and her and her and my husband." The court inquired, "And was it vaginal penetration of your husband with, with his penis of her vagina?" Appellant replied, "Yes." The court further asked, "And your involvement, did you with the, the minor, was it, um, the act of cunnilingus or did you penetrate her in any way, albeit minimal with any of your fingers or digits?" Appellant replied, "Yes." Finally, the court asked, "when you recorded this, * * * was it by accident or did you intentionally record this act of sexual activity with a minor?" Appellant replied, "Yes." When asked again, "it was intentional?" Appellant replied, "Yes."

{¶18} Thus, it appears that appellant acknowledged (1) the victim was a minor (under the age of 18) (R.C. 2907.01(M)), (2) appellant personally recorded her late husband and herself engaging in sex acts with the victim, and (3) appellant then published that material when appellant transmitted that recording to the victim. We believe that these facts sufficiently established that appellant possessed the requisite mens rea for a pandering conviction pursuant to R.C. 2907.322(A)(1). Appellant created and published the video knowing that the character of the video included "a minor * * * participating or engaging in sexual activity * * * as prohibited by R.C. 2907.322(1)." Although we recognize appellant acted at the behest of her late husband, we conclude that trial counsel did not render a deficient performance. Therefore, we

conclude that no reasonable probability exists that, but for counsel's errors, appellant would not have entered a guilty plea.

{¶19} Accordingly, based on the foregoing reasons, we overrule appellant's first assignment of error.

II.

{¶20} In her second assignment of error, appellant asserts that she did not enter a knowing, intelligent, and voluntary plea. Here, appellant claims that authorities led her to believe that "it was irrelevant that [her late husband] and [the victim] conspired to lie about [the victim's] age and did so."

{¶21} In general, when deciding whether to accept a plea a court must determine whether a defendant enters the plea knowingly, intelligently, and voluntarily.  *State v. McDaniel*, 4th Dist. Vinton No. 09CA677, 2010-Ohio-5215, ¶ 8.  "'In considering whether a guilty plea was entered knowingly, intelligently and voluntarily, an appellate court examines the totality of the circumstances through a de novo review of the record to ensure that the trial court complied with constitutional and procedural safeguards.'" (Emphasis sic.)  *Id.,* quoting *State v. Eckler*, 4th Dist. Adams No. 09CA878, 2009-Ohio-7064, ¶ 48; *State v. Hearn*, 4th Dist. Washington No. 20CA7, 2021-Ohio-594, ¶ 18; *State v. Willoughby*, 4th Dist. Pickaway No. 20CA5, 2021-Ohio-2611, ¶ 32.

{¶22} "Before accepting a guilty plea, the trial court should

engage in a dialogue with the defendant as described in Crim.R.

11(C)." *McDaniel* at ¶ 8, citing *State v. Morrison*, 4th Dist. Adams

No. 07CA854, 2008-Ohio-4913, ¶ 9. Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of
> guilty or a plea of no contest, and shall not accept a plea
> of guilty or no contest without first addressing the
> defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea
> voluntarily, with understanding of the nature of the
> charges and of the maximum penalty involved and if
> applicable, that the defendant is not eligible for
> probation or for the imposition of community control
> sanctions at the sentencing hearing.
>
> * * *

{¶23} Substantial compliance with Crim.R. 11(C)(2)(a) is

sufficient for a valid plea concerning nonconstitutional rights.

*State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621,

¶ 14. "'Substantial compliance means that, under the totality of

the circumstances, appellant subjectively understood the

implications of his plea and the rights he waived.'" *McDaniel* at ¶

13, quoting *State v. Vinson*, 10th Dist. Franklin No. 08AP-903,

2009-Ohio-3240, ¶ 6. As the Supreme Court of Ohio explained in

*State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462,

¶ 32:

> When the trial judge does not substantially comply with
> Crim.R. 11 in regard to a nonconstitutional right,
> reviewing courts must determine whether the trial court
> partially complied or failed to comply with the rule. If

the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. The test for prejudice is "whether the plea would have otherwise been made." If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. "A complete failure to comply with the rule does not implicate an analysis of prejudice." (Emphasis sic.) (Citations omitted.)

{¶24} "Crim.R. 11(C)(2)(b) requires the trial court to inform the defendant of the effect of his guilty or no-contest plea and to determine whether he understands that effect." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 12; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 10-12. "To satisfy the effect-of-plea requirement under Crim.R. 11(C)(2)(b), a trial court must inform the defendant, either orally or in writing of the appropriate language of Crim.R. 11(B)." *Jones* at ¶ 25, 51. Further, a trial court must also inform the defendant that upon acceptance of his pleas, it "may proceed with judgment and sentence." Crim.R. 11(C)(2)(b).

{¶25} In the case sub judice, appellant claims that her late husband and the victim "conspired to lie about [the victim's] age and did so." Thus, appellant contends that authorities led her to believe that this alleged conspiracy was irrelevant. As the state points out, however, the record is clear that appellant knew the victim was under age 18 when she engaged in sexual activity, when

she recorded the sexual activity, and when she published the video. In addition, appellant contends that the trial court overlooked the mens rea for pandering that required appellant to know the involved character of the videos, but we believe that this argument has no merit for the reasons outlined in the discussion of appellant's first assignment of error.

{¶26} At the change of plea hearing in the case at bar, the state agreed to dismiss count two of the indictment.  The trial court addressed appellant, discussed the charges and maximum sentence, and explained the various rights appellant would waive with her guilty plea.  The court inquired whether appellant had consulted with her attorney, whether she was satisfied with her representation, and whether she had any questions regarding the consequences of her plea.  Appellant indicated multiple times that she understood her plea's implications.  Further, appellant acknowledged that she understood the allegations, the elements, and the recommended sentence.  *See State v. Jackson*, 2023-Ohio-3895, 226 N.E.3d. 518 (4th Dist.), ¶ 37.

{¶27} Therefore, after our review, we believe that the trial court complied with the applicable rules.  Further, appellant acknowledged that she understood the implications of her plea and the various rights she would waive through a guilty plea. Appellant, represented by counsel at the plea hearing, did not assert her innocence, and nothing suggests any confusion or lack of

understanding regarding the effect of her guilty plea.

**{¶28}** Accordingly, because appellant failed to establish prejudice, we conclude that appellant knowingly, voluntarily, and intelligently entered her guilty pleas and we overrule appellant's second assignment of error.

## III.

**{¶29}** In her final assignment of error, appellant asserts that at sentencing the trial court neglected to fully consider the seriousness factors and improperly considered various extraneous factors.

**{¶30}** When reviewing felony sentences, appellate courts apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Prater*, 4th Dist. Adams No. 18CA1069, 2019-Ohio-2745, at ¶ 12, citing *State v. Graham*, 4th Dist. Adams No. 17CA1046, 2018-Ohio-1277, at ¶ 13. Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

"[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. Thus, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law if the appellate court concludes, by clear and convincing evidence, that the record does not support the sentence.

{¶31} The Supreme Court of Ohio has summarized the applicability of R.C. 2929.11 and 2929.12 as follows:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *

> Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses. * * *

> [A]n offender's conduct is considered less serious when there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C)(4). R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.

*State v. Day*, 2019-Ohio-4816, 149 N.E.3d 122, ¶ 15 (4th Dist.), quoting *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 17-18. This court has held that, generally, a sentence is not contrary to law if a trial court considered the R.C. 2929.11 purposes and principles of sentencing, as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a sentence within the statutory range. *Prater* at ¶ 20; *Graham* at ¶ 16; *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017-Ohio-69, ¶ 21; *State v. Bowling,* 4th Dist. Jackson No. 19CA2, 2020-Ohio-813, ¶ 7. Moreover, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

**{¶32}** In the case sub judice, at the sentencing hearing the trial court referred to the R.C. 2929.11 purposes of felony sentencing and stated that it had "considered the seriousness of recidivism factors of R.C. 2929.12." The court further stated, "I cannot restore the victim, I cannot restore [the victim's mother],

to a sense of comfort or closure, and I cannot assist the desires of your father." Moreover, the court's decision stated that it considered both the R.C.2929.11 and R.C. 2929.12 sentencing factors. A trial court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Smith*, 4th Dist. 22CA3, 22CA4, 2023-Ohio-681; *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 9.

{¶33} Appellant also asserts that the trial court relied on extraneous factors and notes the court's statement, "There is a presumption of * * * a prison term and, * * * the court finds your actions * * * to be literally beyond the pale of comprehension of this court * * *." The court further stated, "I cannot restore the victim. I cannot restore [the victim's mother] to * * * a sense of * * * comfort or closure." Finally, the court stated, "I cannot assist * * * the desires of your father who * * * is a good man and loves his daughter. But there must be punishment and * * * in this court's opinion it must be harsh for the act some people when they do things beyond the pale of comprehension."

{¶34} Appellant cites *State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22 for the proposition that the court based its sentence on a subjective factor, i.e., "beyond the

pale of comprehension." *Bryant,* however, simply reiterates that a court may not base a sentence on "impermissible considerations - i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Id.* Here, the trial court's statement that appellant's actions were "beyond the pale" was simply a consideration during the portion of the sentencing hearing in which the court analyzed the R.C. 2929.11 and R.C. 2929.12 factors.

{¶35} Appellant does not explain how this statement constitutes an improper reliance on extraneous factors. Appellant's actions severely damaged a young girl and her family. Thus, we believe the court's statement reflects to the seriousness of the offense pursuant to R.C. 2929.12, nothing more.

{¶36} Finally, appellant contends that the age of consent in Ohio is 16 years old, R.C. 2907.04(A), and appellant's late husband and the victim "lied to [appellant] about [the victim's] age." Thus, appellant asserts that she "cannot be punished for it." As the state points out, however, regardless of whether appellant's late husband misled her to believe the victim's age of 16 rather than her actual age of 14, appellant nevertheless violated R.C. 2907.322(A) because the victim was a juvenile. *See* R.C. 2907.01(M).

{¶37} After our review, we believe that the trial court complied with all pertinent sentencing requirements, reviewed and considered the presentence investigation report, parties'

arguments, victim impact statements and sentencing hearing testimony, and arrived at a sentence that falls within the statutory range.  Consequently, we conclude that the record supports the trial court's sentence and the sentence is not contrary to law.

{¶38} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover from appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
    Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.