[Cite as *State v Hutchinson*, 2025-Ohio-4637.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0013 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CRAIG M. HUTCHINSON, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00616 C |

## OPINION AND JUDGMENT ENTRY

Decided: October 6, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, *Theresa M. Scahill* and *Kristina K. Reilly*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Wesley C. Buchanan*, 50 South Main Street, Suite 625, Akron, OH 44308 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Craig M. Hutchinson, appeals his convictions and sentence for multiple counts of rape. For the following reasons, Hutchinson's convictions and sentence are affirmed.

***Procedural History and Assignments of Error***

{¶2} On January 6, 2025, Hutchinson pled guilty to the following: Rape (Amended Count One of the Indictment), a felony of the first degree in violation of R.C. 2971.03 and 2907.02(A)(1)(b); Rape (Counts Twelve to Fifteen of the Indictment), felonies of the first degree in violation of R.C. 2971.03 and 2907.02 with specifications;

and Rape (Count Twenty-six of the Indictment), a felony of the first degree in violation of R.C. 2971.03 and 2907.02 with specification.

{¶3}   On February 7, 2025, the sentencing hearing was held.  The trial court sentenced Hutchinson as follows: for Rape (Count One): twenty-five years to life; for Rape (Counts Twelve to Fifteen): ten years to life; for Rape (Count Twenty-six): ten years to life.  The court ordered the sentences for Rape (Count One) and Rape (Counts Twelve to Fifteen) to be served consecutively and for Rape (Count Twenty-six) to be served concurrently for an aggregate sentence of sixty-five years to life.  The court found that Hutchinson is a Tier III sex offender.  The court assessed fines of $20,000 for Rape (Count One), $20,000 for Rape (Count Twelve), and $20,000 for Rape (Count Twenty-six).

{¶4}   On March 3, 2025, Hutchinson filed a Notice of Appeal.  On appeal, he raises the following assignments of error:

{¶5}   "[1.] Craig's plea was not knowingly, intelligently, or voluntarily made."

{¶6}   "[2.] Craig received ineffective assistance of counsel."

{¶7}   "[3.] Craig was sentenced contrary to law."

***First Assignment of Error: Standard of Review***

{¶8}   "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."  *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).  "Failure on any one of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."  *Id.*; *State v. Dangler*, 2020-Ohio-2765, ¶ 10.  "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" to "'ensur[e] an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the

Case No. 2025-P-0013

consequences of his plea and determine if the plea is understandingly and voluntarily made.'" (Citation omitted.) *Dangler* at ¶ 11; *State v. Nero*, 56 Ohio St.3d 106, 107 (1990).

{¶9} Ohio Criminal Rule 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:
>
> > (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
> >
> > (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
> >
> > (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶10} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.* at ¶ 16, citing *Nero* at 108. "Prejudice must be established 'on the face of the record.'" (Citations omitted.) *Id.* at ¶ 24.

Case No. 2025-P-0013

{¶11} There are two exceptions to the prejudice requirement: First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. Second, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. The inquiry into whether a plea has been validly entered is summarized as follows: "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

{¶12} In addition to complying with Criminal Rule 11, "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *State v. Clark*, 2008-Ohio-3748, ¶ 26. If the trial judge substantially misinforms a defendant about the consequences of the plea, "the defendant could not have entered the plea knowingly, intelligently, and voluntarily." *Id.* at ¶ 39. "[T]he point of this principle is '[w]hen a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently.'" (Citation omitted.) *State v. Scott*, 2025-Ohio-806, ¶ 12 (11th Dist.); *State v. Mullins*, 2023-Ohio-

803, ¶ 20 (8th Dist.) ("[w]hen material misinformation about a consequence of a guilty plea is conveyed to a defendant, and the court by its silence fails to correct the mistake, the failure renders the plea less than knowing, intelligent, and voluntary") (citation omitted).

***First Assignment of Error: Whether the trial court failed to inform Hutchinson of the right to a bench trial***

{¶13} Hutchinson's first argument is that the trial court erred by not informing him of his right to a bench trial. Rather, the court advised him: "By entering these pleas of guilty, you are giving up your right to a trial by jury."

{¶14} We find no error. "This court and our sister districts have repeatedly found there is no requirement for a trial court to advise a defendant of his or her right to a bench trial prior to accepting his or her plea." *State v. Mallard*, 2024-Ohio-297, ¶ 65 (11th Dist.) (cases cited).

***First Assignment of Error: Whether the trial court misinformed Hutchinson regarding his right to appeal***

{¶15} Hutchinson's second argument is that the trial court misinformed Hutchinson regarding his right to appeal. The court advised as follows: "You also have to understand that by entering these pleas of guilty you are admitting each and every element of these charges, thereby waiving any right to appeal your plea, do you understand that?"

{¶16} We find no error or, at least, no prejudicial error. The first point to be made is that the trial court is not required to advise the defendant regarding his appellate rights at the plea hearing. "[T]he failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required

Case No. 2025-P-0013

to discuss during the Crim.R. 11 colloquy." (Citation omitted.) *State v. Mauch*, 2025-Ohio-413, ¶ 7 (12th Dist.); *State v. Nicholas*, 2010-Ohio-1451, ¶ 26 (11th Dist.) ("[t]his obligation to advise a defendant of his right to appeal becomes operative 'after imposing sentence,' and has no bearing on the validity of a guilty plea").

{¶17} Next, we must consider whether the trial court's advisement regarding Hutchinson's right to appeal contained accurate information. In context, it appears that the trial court was advising Hutchinson that he would be waiving his right to appeal his admission of guilt to the charges, rather than his ability to appeal the voluntariness of the plea or validity of the sentence which is accurate information. *State v. Rogers*, 2015-Ohio-2459, ¶ 19 ("[a] defendant who enters a voluntary plea of guilty while represented by competent counsel waives all nonjurisdictional defects in prior stages of the proceedings") (citation omitted); *also* Hutchinson's Written Plea of Guilty ("I have been informed that by pleading guilty I waive my right to appeal any issues that might have been raised had I gone to trial and been convicted").

{¶18} Assuming, *arguendo*, that the court's advisement misled Hutchinson into believing that he was waiving all rights of appeal, we find no prejudice. At sentencing, the trial court duly advised Hutchinson of his right to appeal as required by Criminal Rule 32(B), and Hutchinson has, in fact, appealed both his pleas and sentence. Moreover, there is no indication in the record that Hutchinson was induced to plead guilty by any consideration of his appellate rights.

### First Assignment of Error: Whether Hutchinson's expectation of leniency for his co-defendant rendered the plea invalid

{¶19} Hutchinson's next argument is that the absence of any provision for lenience for his co-defendant (wife) in the plea agreement renders it invalid.

Case No. 2025-P-0013

{¶20} At the plea hearing, the following colloquy occurred:

THE COURT: Has anyone promised you anything other than what we've discussed in court today?

DEFENDANT: (Pause.) No.

MR. ESKRIDGE: Judge, I think why he has hesitation, he has a co-Defendant in this matter. … I have had discussions with Mr. Finnegan [prosecutor] regarding the resolution of that co-Defendant's case, but there have been no promises put in writing to my client, so I think the answer to his no question, would be no, there's been no promises made.

MR. FINNEGAN: I guess long story short, he was asking for additional specific leniency for the co-Defendant in this matter. Obviously, since the matter was pending, we cannot and will not engage in specific negotiations for that matter, but the State did indicate that we would take that into consideration when we work out the negotiations with the co-Defendant.

THE COURT: Do you understand that, Mr. Hutchinson?

DEFENDANT: Yes, Your Honor.

THE COURT: They are not making any promises as to the treatment or potential resolution in the co-Defendant's case, but based upon the discussions you've had with your Attorney, are you comfortable proceeding with the status of that case as it is?

DEFENDANT: Yes.

THE COURT: All right. So no one's promised you anything other than what we've discussed in court?

DEFENDANT: No.

{¶21} The foregoing demonstrates that the trial court dispelled any impression Hutchinson may have had that his co-defendant would receive leniency in exchange for his pleading guilty. He was not misled regarding leniency for his co-defendant when he entered his pleas.

Case No. 2025-P-0013

***First Assignment of Error: Miscellaneous arguments***

{¶22} Hutchinson argues that "just because there is a written plea of guilty, it does not relieve the trial court of its duty to inform Craig of the rights he is waiving." The argument is incomplete inasmuch as no right is identified of which the court purportedly did not inform him.

{¶23} Hutchinson argues his plea was not valid because "Craig's written plea of guilty make[s] no mention of subsection R.C. §2907.02(A)(1)(b)," and "the plea sheet removes the 'with force' portion of Rape." The import of this argument is uncertain. Rape (Count One), as contained in the Indictment, was for a violation of R.C. 2907.02(A)(1)(b) ("[t]he other person is less than thirteen years of age") with a specification that he "compelled Jane Doe to submit by force or threat of force." Accordingly, it carried the penalty of "life imprisonment without parole." R.C. 2971.03(A)(2).

{¶24} Rape (Count One) was amended at the time Hutchinson entered his plea by removing the "force" specification, thereby changing the sentence to "a minimum term of twenty-five years and a maximum term of life imprisonment." R.C. 2971.03(A)(3)(d)(i). Contrary to Hutchinson's assertion, the Written Plea of Guilty expressly identifies Rape (Amended Count One) as a violation of R.C. 2907.02(A)(1)(b) with specification but without the force element. The Written Plea also describes the penalty as "life in prison w/ parole eligibility after 25 years." Moreover, the trial court explained this to Hutchinson at the plea hearing:

> Count one, it appears that the State is going to amend that count. It will still be a rape count with the specification, the sexually violent predator specification, but they are removing the force element which still leaves it as a felony of the first degree …. As amended, that particular count carries life in prison with a parole eligibility after twenty-five full years.

Case No. 2025-P-0013

The court did not, during the plea colloquy, expressly identify division (A)(1)(b) of section 2907.02 of the Revised Code as the applicable section. This court is unaware of any rule requiring the court to do so and Hutchinson cites no authority for such a proposition. The reference to "rape" as charged in Count One of the Indictment sufficiently identified the crime to which Hutchinson was pleading.

{¶25} We find no error in the trial court's advisement regarding the rights being waived or the amendment of Rape (Count One).

{¶26} The first assignment of error is without merit.

### Second Assignment of Error: Standard of Review

{¶27} "The Sixth Amendment provides, 'In all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence.'" *State v. Taylor*, 2024-Ohio-1752, ¶ 22. A claim of ineffective assistance of counsel arises when a defendant shows "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." (Citation omitted.) *State v. Bates*, 2020-Ohio-634, ¶ 24. "To establish ineffective assistance, [a defendant] must show (1) that defense counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced him, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Nicholson*, 2024-Ohio-604, ¶ 318. "A reasonable probability is a probability sufficient to undermine [the court's] confidence in the outcome." (Citation omitted.) *Id.*

Case No. 2025-P-0013

***Second Assignment of Error: Whether Trial Counsel was Ineffective for Not Including Leniency for Hutchinson's Co-Defendant in the Plea Agreement***

{¶28} Hutchinson contends that trial counsel informed him that his co-defendant was to receive leniency in exchange for his plea and that, but for the promised leniency, he would not have taken the plea.

{¶29} Hutchinson's claims are belied by the transcript of the plea colloquy quoted above. Trial counsel did negotiate for leniency but the State was not willing to grant it. The trial court made it clear to Hutchinson that his pleas were not conditioned on any promise of leniency for his co-defendant. Hutchinson understood this and entered his pleas anyway. Trial counsel was not ineffective for failing to secure what the State was unwilling to grant and did not mislead or misinform Hutchinson about the possibility of such leniency.

{¶30} The second assignment of error is without merit.

***Third Assignment of Error: Standard of Review***

{¶31} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing … if it clearly and convincingly finds either … [t]hat the record does not support the sentencing court's findings under division … (C)(4) of section 2929.14 [to impose consecutive sentences]" or "[t]hat the sentence is … contrary to law." R.C. 2953.08(G)(2)(a) and (b); *State v. Marcum*, 2016-Ohio-1002, ¶ 1. "[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of

Case No. 2025-P-0013

felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citations omitted.) *Scott*, 2025-Ohio-806, at ¶ 27 (11th Dist.).

***Third Assignment of Error: Whether the Sexually Violent Predator Specification Applied to Hutchinson***

{¶32} Hutchinson argues that he was not subject to sentencing under the sexually violent predator statute, R.C. 2971.03, because he was only convicted of Rape pursuant to R.C. 2709.02 without reference to division (A)(1)(b). "In this case, Craig's written plea of guilty and the trial court's journal entry of sentencing only reference R.C. §2907.02." Therefore, he maintains he could not be sentenced as a sexually violent predator.

{¶33} "The application of Chapter 2971. of the Revised Code to an offender is precluded unless one of the following applies: (a) The offender is charged with a violent sex offense, and the … count in the indictment … includes a specification that the offender is a sexually violent predator" or "(b) The offender is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007." R.C. 2941.148(A)(1); *see also* R.C. 2907.02(B) ("an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code"). A "violent sex offense" includes "[a] violation of section 2907.02 … of the Revised Code" without reference to any particular division thereof. R.C. 2971.01(L)(1).

{¶34} Contrary to Hutchinson's argument, he was duly convicted of Rape under R.C. 2907.02(A)(1)(b). He was indicted under Count One for violating this code section. His Written Plea of Guilty specifically identifies this code section as one of the charges to which he was pleading guilty. The entry accepting the guilty plea specifically identifies

Case No. 2025-P-0013

this code section.[1]  And the sentencing entry specifically identifies this code section.[2]  We note, for clarification, that the sexually violent predator statute applies when an offender has been convicted of R.C. 2907.02 but not division (A)(1)(b) specifically, as Hutchinson was under Counts Twelve to Fifteen and Twenty-Six.  The difference is that under division (A)(1)(b) the offender is eligible for parole after twenty-five years but otherwise after ten years.  R.C. 2971.03(A)(3)(d)(i) and (ii).

{¶35}  Hutchinson's sentence is not contrary to law.

{¶36}  The third assignment of error is without merit.

{¶37}  For the foregoing reasons, Hutchinson's convictions and sentence are affirmed.  Costs to be taxed against the appellant.


ROBERT J. PATTON, P.J.,

JOHN J. EKLUND, J.,

concur.

---

1.  Journal Entry of January 6, 2025: "The Court finds that the Defendant has entered a Written Plea of Guilty … to Amended Count One of the Indictment, charging the Defendant with the offense of 'Rape' a Felony of the First Degree, and in violation of R.C. 2971.03 and 2907.02(A)(1)(b)."

2.  Order and Journal Entry of February 10, 2025: "The Court finds that the Defendant has entered into a negotiated Plea and has entered a Written Plea of Guilty … to Amended Count One of the Indictment charging the Defendant with the offense of 'Rape', a Felony of the First Degree, in violation of R.C. 2971.03 & 2907.02(A)(1)(B) [sic]."

Case No. 2025-P-0013

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against the appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0013