[Cite as *State v. Mallory*, 2026-Ohio-1688.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. 24CA4110 |
| Plaintiff-Appellee, | : | |
| v. | : | |
| KELSEY MALLORY, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | | |

_____

APPEARANCES:

Karyn Justice, Portsmouth, Ohio, for appellant[1].

Shane Tieman, Scioto County Prosecuting Attorney, and Jay
Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for
appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:5-1-26
ABELE, J.

{¶1} This is an appeal from a Scioto County Common Pleas
Court judgment of conviction and sentence. Kelsey Mallory,
defendant below and appellant herein, raises three assignments
of error for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "APPELLANT'S PLEA WAS NOT KNOWINGLY,
> VOLUNTARILY, OR INTELLIGENTLY MADE."

---

[1] Different counsel represented appellant during the trial court proceedings.

SECOND ASSIGNMENT OF ERROR:

"APPELLANT'S SENTENCE IS CONTRARY TO LAW."

THIRD ASSIGNMENT OF ERROR:

"APPELLANT DID NOT RECEIVE THE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶2} In April 2023, a Scioto County Grand Jury returned an indictment that charged appellant with (1) one count of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), a first-degree felony, with a R.C. 2941.1417(A) specification ($840 in U.S. currency), (2) one count of aggravated drug possession in violation of R.C. 2925.11(A), a first-degree felony, with a R.C. 2941.1417(A) specification ($840 in U.S. currency), (3) one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), a first-degree felony, with a R.C. 2941.1417(A) specification ($840 in U.S. currency), (4) one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a first-degree felony, with an R.C. 2941.1417(A) specification ($840 in U.S. currency), (5) one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony, (6) one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony, (7) one count of possessing criminal tools (rental vehicle) in violation of R.C. 2923.24(A), a fifth-degree felony,

(8) one count of trafficking in a fentanyl-related compound in violation of R.C. 2925.03(A)(2), a second-degree felony, and (9) one count of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), a second-degree felony. Appellant pleaded not guilty to all counts.

{¶3} At appellant's September 29, 2023 combined change of plea and sentencing hearing, the trial court reviewed the parties' jointly recommended sentence, maximum penalty forms, indefinite sentencing advisory, and appellant's waiver. The court stated:

> All right. . . So, Mr. Mallory, if we proceed in this fashion, you'll be entering pleas of guilty to Counts 1, 5, and 6. Count 1 is a charge of Trafficking in Drugs, a major drug offender specification, involving Methamphetamine, with a forfeiture specification. That is a felony of the first degree. Count 5 is a charge of Failure to Comply with Order or Signal of a Police Officer, which is a felony of the third degree. Count 6 is a charge of Tampering with Evidence, which is a -- also a felony of the third degree. Do you understand the charges that you'd be pleading to?

{¶4} Appellant replied, "Yes."

{¶5} The trial court also explained:

> Now, the lawyers have told me this is what's known as a jointly recommended or agreed sentence, which means in a few minutes at sentencing you and your lawyer will be recommending a sentence that'd amount to a 15 year definite sentence, 11 of which would be mandatory, up to a maximum 20 and a half year sentence, and then the Prosecutor would be making that same recommendation. Do you understand that if I adopt that joint recommendation, by proceeding with sentencing in that fashion, you'd be waiving your right to appeal the sentence that I give you?

{¶6} Appellant replied, "Yes." The trial court then asked "All right. Is that what you want to do here today?" Appellant replied, "Yes." When asked if he understood the documents he had signed, appellant replied, "Somewhat, yes." When asked if he had questions, appellant stated, "Just the 11 to 16. That's the only question I got - - I got a question about." The court replied: "All right. 11- - I don't know it's 11 to 16. The 11 – the sentence on Count 1 would be a mandatory sentence of 11 years, and the other sentences, the joint recommendation would be for those to total 4 years nonmandatory time. Which means the aggregate sentence would be 15 to 20 and a half years, but only 11 of the 15 years would be mandatory." Appellant replied, "Right." When the court asked if this answered his question, appellant replied, "Yes."

{¶7} When asked if appellant had any other questions, appellant replied, "So - - so after 11, I can judicial?" The trial court replied, "After 11 you can request judicial release. And you've been in jail long enough that the jail time that you've done would go towards the nonmandatory waiting period, which means you're eligible to file at 11."

{¶8} The trial court conducted a Crim.R. 11 colloquy and advised appellant of his rights and the effects of his decision to plead guilty, reviewed the signed plea form and jury waiver,

reviewed the facts and charges, and asked appellant if any drugs, alcohol, or mind-altering substances influenced him. The court advised appellant the constitutional rights he waived with his plea, including (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require appellee to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. The court also explained the maximum penalties and postrelease control. Appellant expressed his understanding and agreement and affirmed his execution of the written plea form.

{¶9} Consequently, on September 29, 2023 appellant withdrew his not guilty plea and, pursuant to the jointly recommended sentencing agreement, pleaded guilty to: (1) Count 1, Trafficking in Drugs, with a major drug offender specification in violation of R.C. 2925.03(A)(2), a first-degree felony (2) Count 5, failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a third-degree felony, and (3) Count 6, tampering with evidence in violation of R.C. 2921.12(A)(1), a third-degree felony.

{¶10} During the sentencing portion of the combined hearing, after providing appellant the right of allocution and considering the record, oral statements, purposes of sentencing, and seriousness and recidivism factors, the trial court pointed

to appellant's criminal history as evidence that consecutive terms are necessary to protect the public from future crime. Further, the court noted that Count 5 required a consecutive sentence by operation of law, and that pursuant to R.C. 2953.08(D), the jointly recommended and agreed sentence contemplated consecutive sentencing.

{¶11} Thus, after the trial court considered the record, oral statements, and the R.C. 2929.11 purposes and principles of sentencing and the R.C. 2929.12 seriousness and recidivism factors, the court sentenced appellant to : (1) serve a minimum 11-year up to a maximum 16 ½ year prison term on Count 1, (2) serve a 24-month prison term on Count 5, (3) serve a 24-month prison term on Count 6, (4) serve all sentences concurrently with each other, for an aggregate minimum prison term of 15-years, with 11 years being mandatory, to an indefinite maximum prison term of 20 ½ years, (5) serve a 2-5 year postrelease control term, (6) forfeit the $840 to the State of Ohio to be delivered to the Scioto County Prosecutor's Office, and (7) pay costs.

{¶12}  This appeal followed.

I.

{¶13} In his first assignment of error, appellant asserts that he did not enter a knowing, voluntary, and intelligent plea.  Specifically, appellant contends that the trial court

erred when it accepted his guilty plea to Count 1 of the indictment, which did not include a Major Drug Offender (MDO) specification as required by R.C. 2941.1410(B), and sentenced him to serve an additional five years in prison for the uncharged MDO specification.  Appellant argues that:

> the State alleged in Count One that the amount of drugs weighed more than one hundred (100) times the bulk amount.  This subjected Mr. Mallory to a mandatory eleven year sentence pursuant to R.C. 2941.141(A) and R.C. 2925.03(C)(1)(f).   The State did not include a specification alleging Mr. Mallory was a Major Drug Offender as required by R.C. 2941.1410(B).  Because the State did not include the MDO specification, the court was precluded from adding an additional five (5) years to Mr. Mallory's sentence on Count One.   R.C. 2941.1410(B).

**{¶14}** Appellee, on the other hand, contends that R.C. 2925.03(A)(2)/(C)(1)(f) does not require a separate specification and R.C. 2914.1410(B) does not apply.

**{¶15}**  "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily."  *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). "Failure on any one of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."  *Id.; State v. Dangler*, 2020-Ohio-2765, ¶ 10.  "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas" to " 'ensur[e] an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the

consequences of his plea and determine if the plea is understandingly and voluntarily made.' " (Citation omitted.) *Dangler* at ¶ 11; *State v. Nero*, 56 Ohio St.3d 106, 107 (1990). Thus, if a defendant did not knowingly, intelligently, and voluntarily enter a plea, enforcement of that plea is unconstitutional. *State v. Leib*, 2024-Ohio-1081, ¶ 13 (4th Dist.). In general, appellate courts apply a de novo standard of review when evaluating a plea's compliance with Crim.R. 11(C). *Nero* at 108-109. Moreover, a written waiver form signed by the accused constitutes strong evidence of a valid waiver. *State v. Clark*, 38 Ohio St.3d 252, 261 (1988); *State v. Earl*, 2024-Ohio-5682, ¶ 8 (4th Dist.).

{¶16} Ohio Criminal Rule 11(C)(2) provides:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of an determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is

waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶17}** "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.* at ¶ 16, citing *Nero* at 108. "Prejudice must be established 'on the face of the record.' " *Id.* at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462 (1999).

**{¶18}** There are two exceptions to the prejudice requirement: First, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that a plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Dangler* at ¶ 14. Second, "a trial court's complete failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates

he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. Further, in an inquiry into whether a defendant has validly entered a plea, "the questions to be answered are simply: (1) has the trial court complied with the relevant portion of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Id.* at ¶ 17.

**{¶19}** In addition to a duty to comply with Crim.R. 11, "the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea." *State v. Clark*, 2008-Ohio-3748, ¶ 26; *State v. Hutchinson*, 2025-Ohio-4637, ¶ 12 (11th Dist.). If the trial judge substantially misinforms a defendant about the consequences of the plea, "the defendant could not have entered the plea knowingly, intelligently, and voluntarily." *Clark* at ¶ 39. "[T]he point of this principle is '[w]hen a defendant is induced to enter a guilty plea by erroneous representations as to the applicable law, the plea has not been entered knowingly and intelligently.' " *State v. Brownlee*, 2023-Ohio-1090, ¶ 17 (11th Dist.), quoting *State v. Mitchell*, 2006-Ohio-618, ¶ 15 (11th Dist.), citing *Engle, supra*, 74 Ohio St.3d at 527. "When material misinformation about a

consequence of a guilty plea is conveyed to a defendant, and the court by its silence fails to correct the mistake, the failure renders the plea less than knowing, intelligent, and voluntary." *State v. Walz*, 2012-Ohio-4627, ¶ 17 (2d Dist.), citing *Engle*, *supra; State v. Mullins*, 2023-Ohio-803, ¶ 20 (8th Dist.).

**{¶20}** In the case sub judice, appellant contends that the trial court erred when it accepted a plea that included an unindicted major drug offender specification. The Revised Code separately provides for the classification of an offender as a major drug offender and an MDO specification. *State v. Gill,* 2024-Ohio-2792, ¶ 63 (1st Dist). In the case at bar, relevant to this assignment of error, appellant pleaded guilty to trafficking in drugs (methamphetamine) in violation of R.C. 2925.03(A)(2), and the plea agreement indicates "MDO." Although the indictment did not attach a separate major drug offender specification pursuant to R.C. 2941.1410(B), the indictment for Count 1 stated:

> **{¶21}** <u>COUNT ONE: AGGRAVATED TRAFFICKING IN DRUGS, F1</u>
>
> On or about March 9, 2023, at Scioto County, Kelsey Mallory, unlawfully, did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person and the drug involved in the violation is any compound, mixture, preparation, or substance included in Schedule 1 or Schedule II, to wit: methamphetamine and the amount

of the drug involved equals or exceeds one hundred times the bulk amount.

in violation of Ohio Revised Code Section 2925.03(A)(2), 2925.03(C)(1)(f), and against the peace and dignity of the State of Ohio.

**{¶22}** Count 1 did contain a specification, but it involved the forfeiture of $840 in U.S. currency pursuant to R.C. 2941.1417(A).

**{¶23}** R.C. 2925.03 defines drug trafficking as follows:

(A) No person shall knowingly do any of the following:

. . .

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

**{¶24}** R.C. 2925.03(C)(1)(f) states:

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1) If the drug involved in the violation is any compound, mixture, preparation, or substance included in schedule I or schedule II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated trafficking in drugs. The penalty for the offense shall be determined as follows:

(f) If the amount of the drug involved equals or exceeds one hundred times the bulk amount and regardless of whether the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, aggravated

> trafficking in drugs is a felony of the first degree,
> *the offender is a major drug offender, and the court*
> *shall impose as a mandatory prison term a maximum*
> *first degree felony mandatory prison term.* (Emphasis
> added).

**{¶25}** The plain language of R.C. 2941.1410(B) provides that a mandatory prison term may be imposed for an MDO specification if the indictment specifies that the offender is a major drug offender *and* the drug involved is a fentanyl-related compound or mixture thereof. The statute provides:

> (A) Except as provided in sections 2925.03 and 2925.11
> and division (E)(1) of section 2925.05 of the Revised
> Code, the determination by a court that an offender is
> a major drug offender is precluded unless the
> indictment, count in the indictment, or information
> charging the offender specifies that the offender is a
> major drug offender. . .
>
> (B) Imposition of a three, four, five, six, seven, or
> eight-year mandatory prison term upon an offender under
> division (B)(9)[2] of section 2929.14 of the Revised Code,
> pursuant to determination by a court that an offender is
> a major drug offender, is precluded unless the
> indictment, count in the indictment, or information
> charging the offender with the violation of section
> 2925.03, 2925.05, or 2925.11 of the Revised Code
> specifies that the offender is a major drug offender and
> that the drug involved in the violation is a fentanyl-
> related compound or a compound, mixture, preparation, or
> substance containing a fentanyl-related compound.
>
> R.C. 2941.1410(A) and (B).

---

[2] As *State v. Gill*, 2024-Ohio-2792 (1st Dist.) observed in footnote 2, this appears to be a typo in the statute. R.C 2929.14(B)(9) concerns the imposition of a prison term when an offender convicted of felonious assault is also convicted of or pleads guilty to a specification that the offender used an accelerant in committing the offense. R.C. 2929.14(B)(11) concerns the imposition of an additional sentence for an MDO specification. *Id.* at fn. 2.

**{¶26}** Further, the plain language of R.C. 2929.14(B)(11) states that the trial court shall impose an additional mandatory prison term "if the drug involved in the violation of a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound" and if the offender also is convicted of or pleads to the type of specification provided for in R.C. 2941.1410. R.C. 2929.14(B)(11) provides:

> If an offender is convicted of or pleads guilty to a felony violation of section 2925.03 or 2925.05 of the Revised Code or a felony violation of section 2925.11 of the Revised Code for which division (C)(11) of that section applies in determining the sentence for the violation, if the drug involved in the violation is a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound, and if the offender also is convicted of or pleads guilty to a specification of the type described in division (B) of section 2941.1410 of the Revised Code that charges that the offender is a major drug offender, in addition to any other penalty imposed for the violation, the court shall impose on the offender a mandatory prison term of three, four, five, six, seven, or eight years. . .

> A court shall not impose more than one prison term on an offender under division (B)(11) of this section for felonies committed as part of the same act.

**{¶27}** As the First District concluded in *Gill, supra,* 2024-Ohio-2792 (1st Dist.), read together, R.C. 2929.14 and 2941.1410 only authorize the imposition of an additional prison term for an MDO specification when the drug involved is a fentanyl-related compound or a mixture thereof. *Id.* at ¶ 68. In the

case at bar, appellant's trafficking in methamphetamine conviction in Count 1 classified him as a major drug offender based on the amount of drugs involved, not an R.C. 2941.1410 major drug offender specification.  We point out that R.C. 2925.03(C)(1)(f) already provides that the trial court shall "impose as a mandatory prison term a maximum first degree felony mandatory prison term."  R.C. 2929.14(B)(3) governs the trial court's imposition of sentence and provides that for offenses when an offender is classified as a major drug offender:

> [T]he court shall impose upon the offender for the felony violation a mandatory prison term determined as described in this division that cannot be reduced. . . The mandatory prison term shall be the maximum definite prison term prescribed in division (A)(1)(b) of this section for a felony of the first degree, except that for offenses for which division (A)(1)(a) of this section applies, the mandatory prison term shall be the longest minimum prison term prescribed in that division for the offense.

{¶28} Thus, rather than require the imposition of an additional prison term, this statute provides that the trial court must impose a mandatory prison term for the underlying offense.  Furthermore, because R.C. 2929.14(A)(1)(a) applies, the statute specifies that the mandatory prison term is "the longest minimum prison term prescribed in that division for the offense."  *Gill* at ¶ 69.  Thus, an additional prison term may only be imposed for an MDO specification if the drug involved is a fentanyl-related compound or mixture thereof.  *Id.* at ¶ 70;

*see also State v. Wood,* 2022-Ohio-3536, ¶ 34 (5th Dist.)("Wood argues that while he is subject to the 11-year sentence as a major drug offender, he is not subject to the additional 3-year terms imposed by the trial court pursuant to R.C. 2941.1410. Wood argues these additional terms are applicable only to offenses involving fentanyl-related compounds.  The state agrees and concedes this argument.").

**{¶29}** In the case sub judice, at appellant's combined plea and sentencing hearing, the trial court indicated that "the maximum penalty on the trafficking in drugs charge would be a maximum definite sentence of up to 11 years in prison.  The major drug offender specification is actually mandatory 11 years.  And a maximum indefinite term of 16 and a half years in prison. . ."  Just prior to sentencing, the trial court misstated, "as to Count 1 of the indictment, charge Trafficking in Drugs, with a Major Drug Offender Specification, in violation of Revised Code Section 2925.03(A)(2)/(C)(1)(f), a felony of the first degree, also with a forfeiture specification for forfeiture of $840.00 in U.S. currency . . ."

**{¶30}** At sentencing, the trial court stated:

Sir, as to Count 1 of the indictment, I'm going to sentence you to an 11 year definite and mandatory term to the charge of Trafficking in Drugs, Major Drug Offender, involving Methamphetamine.  I'm also going to order you to serve an additional 5 and a half year indefinite term as to that charge. As to Count 5 Failure to Comply, I'm going to sentence you to a 24 month term.

Count 6 Tampering with Evidence, I'm going to sentence you to a 24 month term.  I am going to run all the - - order the - - all those sentences to run consecutive to each other, for a net intended sentence of a definite term of 15 years, up to an indefinite term of up to 20 and a half years in the custody of the Ohio Department of Rehabilitation and Corrections.  11 of the 15 years will be mandatory.

{¶31} Although the trial court may have initially misspoken and referred to Count 1 as having a "major drug offender specification," the court did not add an additional sentence for major drug offender specification as per R.C. 2941.1410. Rather, the court properly sentenced appellant as a major drug offender as defined by R.C. 2925.03(C)(1)(f).

{¶32} Thus, after our review it appears that appellant signed a written guilty plea, the trial court reviewed the plea agreement, verified appellant's competency and signature, reviewed the indictment, and read the statutory language of the offenses.  The court further referenced the agreed sentencing recommendation and advised appellant of the maximum penalties, including postrelease control.  After the trial court advised appellant of the constitutional rights that he waived by his plea, appellant entered his plea.

{¶33} After our review, we conclude that appellant entered a knowing, intelligent, and voluntary guilty plea.  Accordingly, we overrule appellant's first assignment of error.

II.

{¶34} In his second assignment of error, appellant asserts that his sentence is contrary to law because the trial court sentenced appellant to serve an additional five-year sentence for a Major Drug Offender Specification not included in the indictment.  Appellee, however, contends that the trial court imposed an agreed recommended sentence authorized by statute, and the major drug offender definition of R.C. 2925.03(C)(1)(f) required the mandatory sentence.

{¶35} When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2). *State v. Prater*, 2019-Ohio-2745, ¶ 12 (4th Dist.), citing *State v. Graham*, 2018-Ohio-1277, ¶ 13 (4th Dist.).  Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

**{¶36}** "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.  Thus, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law if the appellate court concludes, by clear and convincing evidence, that the record does not support the sentence.

**{¶37}** R.C. 2929.11 provides:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶38} Moreover, R.C. 2929.12 sets forth several factors for the court to consider in exercising discretion in sentencing:

> (A) ... the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States, and the factors set forth in division (G) of this section relating to Alford pleas and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶39} The Supreme Court of Ohio has summarized the applicability of R.C. 2929.11 and 2929.12 as follows:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." Id. The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *
>
> Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses. * * *
>
> [A]n offender's conduct is considered less serious when there are "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense." R.C. 2929.12(C)(4). R.C.

2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate.

**{¶40}** *State v. Day*, 2019-Ohio-4816, ¶ 15 (4th Dist.), quoting *State v. Long*, 2014-Ohio-849, ¶ 17-18. Moreover, this court has held that, generally, a sentence is not contrary to law if a trial court considered the R.C. 2929.11 purposes and principles of sentencing, as well as the R.C. 2929.12 seriousness and recidivism factors, properly applied post-release control, and imposed a sentence within the statutory range. *Prater* at ¶ 20; *Graham* at ¶ 16; *State v. Perry*, 2017-Ohio-69, ¶ 21 (4th Dist.); *State v. Bowling*, 2020-Ohio-813, ¶ 7 (4th Dist.); *State v. Bell*, 2024-Ohio-1502, ¶ 31 (4th Dist.). Finally, neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31. However, a sentence is contrary to law if the trial court fails to consider the R.C. 2929.11 purposes and principles of felony sentencing and the R.C. 2929.12 sentencing factors. *State v. Neal*, 2015-Ohio-5452, ¶ 55 (4th Dist.).

**{¶41}** In the case sub judice, we first observe that R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant

and the prosecution in the case, and is imposed by the sentencing judge." Thus, because the parties entered into a jointly recommended sentence, R.C. 2953.08(D)(1) provides that a case is not properly reviewable on appeal when a sentence is jointly recommended. *State v. Mayle,* 2016-Ohio-7499, ¶ 13 (5th Dist.); R.C. 2953.08(D)(1). *See also State v. Collins*, 2025-Ohio-5753 (4th Dist.)(sentence imposed upon defendant not subject to review under this section if sentence is authorized by law, has been recommended jointly by defendant and prosecution, and is imposed by sentencing judge.)

{¶42} Further, even after review, we observe that in the case sub judice at the combined plea and sentencing hearing the trial court stated that it considered the record and oral statements. In addition, the court referred to balancing the R.C. 2929.11 purposes of felony sentencing and the R.C. 2929.12 seriousness and recidivism factors. Moreover, the court's decision stated that it had considered both the R.C. 2929.11 and R.C. 2929.12 sentencing factors. As we recently noted in *Bell, supra*, 2024-Ohio-1502 (4th Dist.), a trial court's statement in its sentencing journal entry that it considered the required statutory factors is, by itself, sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *Bell* at ¶ 32, citing *State v. Smith*, 2023-Ohio-681 (4th Dist.), *State v. Sutton*, 2015-Ohio-4074, ¶ 72 (8th Dist.), citing *State v.*

*Clayton*, 2014-Ohio-112, ¶ 9 (8th Dist.); *see also State v. Goss,* 2025-Ohio-3136, ¶ 16 (4th Dist.).

**{¶43}** A trial court "has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. Chapman*, 2022-Ohio-2853, ¶ 76 (4th Dist.), citing *State v. Wolfe*, 2020-Ohio-5501, ¶ 61-62 (J. Gwin, concurring), quoting *State v. Kalish*, 2008-Ohio-4912; *see also Neal, supra*, 2015-Ohio-5452, ¶ 61 (4th Dist.), citing *State v. Johnson*, 2014-Ohio-2308, ¶ 8 (2d Dist.), citing *State v. King*, 2013-Ohio-2021, ¶ 45 (2nd Dist.).  Thus, courts have "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.' "  *Neal*, citing *State v. Williams*, 2014-Ohio-1618 ¶ 17 (8th Dist.), quoting *State v. May*, 2013-Ohio-2697, ¶ 16 (8th Dist.).

**{¶44}** After our review in the case sub judice, we believe the trial court complied with Crim.R. 11(C) and with all pertinent sentencing requirements, considered the parties' arguments and sentencing hearing testimony, and arrived at a sentence that falls within the statutory range, and a sentence to which the parties jointly agreed in the plea agreement.

{¶45} Consequently, we conclude that the record supports the trial court's sentence and the sentence is not contrary to law. Accordingly, we overrule appellant's second assignment of error.

                              III.

{¶46} In his final assignment of error, appellant asserts that his trial counsel rendered ineffective assistance of counsel in violation of his constitutional guarantees. In particular, appellant contends that counsel's failure led to appellant pleading guilty to an unindicted Major Drug Offender specification.

{¶47} Appellee, however, argues that counsel provided effective assistance, as the negotiated, recommended, and agreed-upon plea agreement included a sentence authorized and required by law.

{¶48} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

{¶49} To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his counsel's

performance was deficient and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial. *See Strickland*, 466 U.S. at 687; *State v. Myers*, 2018-Ohio-1903, ¶ 183; *State v. Powell*, 2012-Ohio-2577, ¶ 85. "Failure to establish either element is fatal to the claim." *State v. Jones*, 2008-Ohio-968, ¶ 14 (4th Dist.). Moreover, if one element is dispositive, a court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶50} The deficient performance part of an ineffectiveness claim "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.' " *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010), quoting *Strickland*, 466 U.S. at 688. Prevailing professional norms dictate that "a lawyer must have 'full authority to manage the conduct of the trial.' " *State v. Pasqualone*, 2009-Ohio-315, ¶ 24, quoting *Taylor v. Illinois*, 484 U.S. 400, 418 (1988).

{¶51} Further, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. Accordingly, "[i]n order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation." *State v. Conway*, 2006-Ohio-2815, (citations omitted). In addition, when considering whether

trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 2008-Ohio-482, ¶ 10 (4th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100 (1985). Therefore, a defendant bears the burden of showing ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g., State v. Gondor*, 2006-Ohio-6679, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156 (1988).

{¶52} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome." *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 2011-Ohio-3641, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus; *accord State v. Spaulding*, 2016-Ohio-8126, ¶ 91 (prejudice component requires

a "but for" analysis).  "[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.  Further, courts ordinarily may not presume prejudice; rather, they must require a defendant to affirmatively establish it.  *State v. Clark*, 2003-Ohio-1707, ¶ 22 (4th Dist.).

{¶53} Moreover, we have recognized that speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim.  *E.g., State v. Tabor*, 2017-Ohio-8656, ¶ 34 (4th Dist.); *State v. Jenkins*, 2014-Ohio-3123, ¶ 22 (4th Dist.); *State v. Simmons*, 2013-Ohio-2890, ¶ 25 (4th Dist.); *State v. Halley*, 2012-Ohio-1625, ¶ 25 (4th Dist.); *State v. Leonard*, 2009-Ohio-6191, ¶ 68 (4th Dist.); *accord State v. Powell*, 2012-Ohio-2577, ¶ 86.

{¶54} In the case sub judice, appellant argues that his trial counsel rendered ineffective assistance of counsel when counsel failed to object when appellant entered a plea to an unindicted Major Drug Offender Specification.  However, our review of the record reveals that although the trial court referred to the major drug offender status as a "specification," appellant's trafficking in a quantity of methamphetamine that equals or exceeds one hundred times the bulk amount made appellant a major drug offender pursuant to R.C.

2925.03(C)(1)(f).  Rather than require the imposition of an additional prison term, as would the Major Drug Offender Specification pursuant to R.C. 2941.1410, R.C. 2925.03(C)(1)(f) provides that the trial court must impose a mandatory prison term for the underlying offense.  Thus, any failure to object to the 11-year mandatory sentence as a major drug offender in Count 1 did not constitute ineffective assistance of counsel.

{¶55} Moreover, to conclude that appellant's trial counsel performed ineffectively, appellant must establish prejudice.  In other words, appellant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.  A "reasonable probability" is more than "some conceivable effect," but less than "more likely than not [the error] altered the outcome of the case." *Strickland* at 693.  A "reasonable probability" is a probability sufficient to undermine confidence in the result of the proceeding. *Strickland* at 690-691; *Williams v. Taylor*, 529 U.S. 362, 390-391 (2000).

{¶56} As appellee points out, appellant fails to establish prejudice.  In the case at bar, trial counsel resolved appellant's case through a negotiated plea agreement.  As appellee notes, through that agreement appellee dismissed Count 2 Aggravated Possession of Drugs, Count 3 Trafficking in a Fentanyl-Related Compound, Count 4 Possession of a Fentanyl-

Related Compound, all first-degree felonies, Count 7 possession of criminal tools, a fifth-degree felony, Count 8 trafficking in a fentanyl-related compound, a second-degree felony, and Count 9 possession of a fentanyl-related compound, a second-degree felony.  As the trial court observed, appellant initially faced a maximum sentence of 67-72 ½ years.  However, through the negotiated plea, appellant received a 15-year definite sentence (11 years mandatory and 4 years nonmandatory), up to a maximum of 20 ½ years.  Thus, we do not believe trial counsel provided deficient performance.  Consequently, we believe that appellant fails to establish that he received ineffective assistance of counsel.

**{¶57}** Accordingly, for all the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.